IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN RAY WILLIAMS,

                        Plaintiff,

    v.

CITY OF MAUSTON,
BRIA LAW OFFICE, and
CITY ATTORNEY,

                        Defendants.

OPINION & ORDER

14-cv-841-jdp

---

    Pro se plaintiff Steven Ray Williams has filed a complaint alleging that City of Mauston police officers entered his home without a warrant and, as a result, presumably violated his Fourth Amendment rights. Plaintiff identifies the City of Mauston, Bria Law Office, and the city attorney as defendants.

    The court has granted plaintiff leave to proceed *in forma pauperis*. Dkt. 3. The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

    Now that I have considered plaintiff's allegations, I will dismiss plaintiff's complaint for failing to comply with Federal Rule of Civil Procedure 8 and allow him the opportunity to amend his complaint to fix the problems identified in this order.

ALLEGATIONS OF FACT

Plaintiff alleges that on September 5, 2011, he received a citation for "telephone misuse," in violation of a City of Mauston ordinance. City of Mauston police officers entered plaintiff's home without a warrant and without announcing themselves to issue the citation. Plaintiff paid a reduced fine, pursuant to an agreement with the city attorney, to resolve the citation and to "prevent" an additional battery charge.

Plaintiff requests that the court award him one million dollars, expunge the underlying citation, and appoint plaintiff an attorney "if needed."

ANALYSIS

Plaintiff alleges a claim for unlawful entry without a search warrant, which I will construe as a claim for violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983.

"A warrantless entry into a private home constitutes a search and presumptively is unreasonable under the Fourth Amendment." *Leaf v. Shelnutt*, 400 F.3d 1070, 1081 (7th Cir. 2005). However, law enforcement officers may enter an individual's home without a warrant when the individual consents, *United States v. Risner*, 593 F.3d 692, 694 (7th Cir. 2010), or "when police have a reasonable belief that exigent circumstances require immediate action and there is no time to secure a warrant." *Leaf*, 400 F.3d at 1081 (quoting *United States v. Lenoir*, 318 F.3d 725, 730 (7th Cir. 2003)). Exigent circumstances justify warrantless entry when, for example, law enforcement must rescue an individual from imminent danger, prevent a suspect from escaping, or prevent the destruction of evidence. *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 557 (7th Cir. 2014) (citing cases).

At this stage, absent facts that would justify warrantless entry, plaintiff has stated claim for unlawful entry. However, plaintiff's complaint is deficient in another respect: although plaintiff has alleged that law enforcement officers entered his home without a warrant and without announcing themselves, in violation of the Fourth Amendment, plaintiff has not identified the individuals responsible for the alleged constitutional violation.

"To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An *individual* cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) (emphasis in original). Plaintiff needs to identify the police officers who allegedly violated his rights. Right now, plaintiff has only alleged that the City of Mauston violated his Fourth Amendment rights. However, a plaintiff may not sue a municipal entity, such as the City of Mauston, for constitutional violations by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a municipal entity may only be liable for constitutional violations pursuant to § 1983 if a municipal custom or policy caused the underlying injury. *Id.* Nothing in plaintiff's complaint identifies any municipal custom or policy responsible for the alleged constitutional violations. Because plaintiff cannot proceed against the City of Mauston, he must identify the individual officers involved.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs.*,

3

*Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Because plaintiff's complaint does not satisfy Rule 8's standard for pleading an unlawful entry claim, I will dismiss the complaint and allow plaintiff to file an amended complaint that clarifies who violated plaintiff's Fourth Amendment rights. Plaintiff's amended complaint should provide fair notice to the defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to an audience who knows nothing about his situation and include specific factual allegations that identify what each individual defendant did to violate his Fourth Amendment rights.

I note that plaintiff's complaint contains additional statements concerning the city attorney and plaintiff's efforts to resolve the underlying citation. However, this aspect of the complaint does not allege any claim upon which relief may be granted. Plaintiff has not alleged any claims specifically involving the city attorney or the Bria Law Office. If plaintiff intends to name the Bria Law Office and the city attorney as defendants in his amended complaint, he must be sure to explain what specific actions these parties took to violate his rights.

Finally, in his request for relief, plaintiff asks that the court appoint him an attorney. I will deny this request at this time. There is no reason to think that plaintiff needs the assistance of counsel to draft a complaint that complies with Rule 8. Plaintiff may raise this request again if his amended complaint survives screening.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven Ray Williams's complaint, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until January 4, 2016, to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for failure to state a claim upon which relief may be granted.

Entered December 8, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge