IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN RAY WILLIAMS,

                Plaintiff,

v.

OFFICER ZOBEL,

                Defendant.

ORDER

14-cv-841-jdp

---

Pro se plaintiff Steven Ray Williams filed a complaint alleging that City of Mauston police officers entered his home without a warrant, violating his Fourth Amendment rights. I granted plaintiff leave to proceed against defendant Officer Zobel, one of the police officers who allegedly entered his home without a warrant. Dkt. 6.

Now plaintiff has filed a motion to voluntarily dismiss his case, citing the fact that he does not have time to pursue his claims. Dkt. 16. Defendant has responded and represents that he does not object to the court dismissing plaintiff's case without prejudice. Dkt. 17. But defendant requests that the court's dismissal order provide that plaintiff will have to pay the attorney fees and costs that defendant incurred in this action if plaintiff refiles his claim against defendant. *Id.* at 2. Defendant contends that this measure is necessary to offset the prejudice that defendant stands to incur if plaintiff dismisses this case only to refile his claim later.

Because all agree that I should dismiss plaintiff's case without prejudice, I will do so. *See* Fed. R. Civ. P. 41(a)(2). As far as defendant's request for fees and costs go, I will not grant the request now. Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the

same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action." Although the rule does not expressly include attorney fees, I will warn plaintiff that if he refiles his claim against defendant, I would be inclined to grant a motion for any duplicative fees and costs that would result from dismissing this case only to start over again.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven Ray Williams's motion to voluntarily dismiss his case, Dkt. 16, is GRANTED. Plaintiff's claim is dismissed without prejudice.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered July 18, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge